(89 App. Div. 222.)

### CITY OF NEW YORK v. BURLESON HARDWARE CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

**1. MUNICIPAL CORPORATIONS—PLUMBING AND DRAINAGE—STATE BUILDINGS—STATUTES.**

Under Laws 1896, p. 1055, c. 803, § 5, requiring suitable drawings and descriptions of plumbing and drainage of public and private buildings in New York City to be submitted and placed on file in the department of buildings, and prohibiting the commencement or prosecution of the work until the drawings and descriptions shall have been so filed and approved by the superintendent, the plumbing and drainage of a state building on land of the state must be done in compliance with the statute, though

Public Buildings Law, § 8, as amended by Laws 1902, p. 579, c. 212, makes it the duty of the state architect to prepare drawings and specifications for state buildings, and to exact the execution of the work in conformity therewith.

2. SAME—INJUNCTION—PARTY DEFENDANT.

One who is endeavoring to proceed with the plumbing of a state building in New York City in disregard of Laws 1896, p. 1055, c. 803, § 5, prohibiting the prosecution of such work until the required papers have been filed with the superintendent of buildings, and received his approval, is a proper party defendant in an action to enjoin the work.

Goodrich, P. J., dissenting.

Appeal from Special Term, Kings County.

Action by the city of New York against the Burleson Hardware Company. From an order denying a motion for a preliminary injunction, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

James McKeen (John E. Walker, on the brief), for appellant.
John Patterson, for respondent.

WILLARD BARTLETT, J.   The controversy in this action relates to the right of the defendant to do plumbing work in the armory of the Forty-Seventh Regiment, in the borough of Brooklyn, without the submission to the bureau of buildings of any drawings and descriptions of such work, or the approval of said drawings and descriptions by the bureau.   The armory is the property of the state of New York. The contract with the defendant was made by the board of armory commissioners for the Second Brigade, under the authority of chapter 423, p. 1046, of the Laws of 1902.   The plans for the proposed plumbing were prepared by the state architect in the exercise of his duties, as prescribed in section 8 of the public buildings law, as amended by chapter 212, p. 579, of the Laws of 1902.   The theory of the action is that, notwithstanding the character of the Forty-Seventh Regiment Armory as a state building, and notwithstanding the control over its construction conferred upon the state architect by section 8 of the public buildings law, the city of New York is entitled to an injunction to restrain the prosecution of the work until there has been a compliance with the rules and regulations adopted by the superintendent of buildings in reference to plumbing and drainage in the city of New York.

Section 5 of chapter 803, p. 1055, of the Laws of 1896, provided that thereafter "the plumbing and drainage of all buildings, both public and private, in the city of New York, shall be executed in accordance with the rules and regulations adopted by the superintendent of buildings." The same section further required suitable drawings and descriptions of said plumbing and drainage to be submitted and placed on file in the department of buildings, and prohibited the commencement or prosecution of the work "until the said drawings and descriptions shall have been so filed and approved by the superintendent of buildings."   By means of various subsequent statutes this enactment has been made applicable to the borough of Brooklyn; and, if the Forty-Seventh Regiment Armory falls within its scope and operation, it is difficult to escape the conclusion that the defendant is acting in disre-

gard of the law in proceeding with its work without having submitted its plans to the municipal authorities and obtaining their approval.

The claim of right on the part of the defendant, however, to proceed to perform plumbing work in a state armory in the city of New York, without regard to the requirements of the act of 1896, is based mainly upon section 8 of the public buildings law, already cited, the provisions of which are as follows:

"The state architect shall prepare the drawings and specifications and supervise and control, as architect, the construction of all new buildings erected at the expense of the state. He shall also prepare the drawings and specifications for additions to existing buildings, and for the alteration or improvement thereof. He shall see that the materials furnished and the work performed in constructing, altering or improving any such building are in accordance with such drawings and specifications, and that the interests of the state are fully protected. He shall prepare regular and standard forms of contracts, to be approved by the Attorney-General, which shall be used in all work let by contract and no payment shall be made on any such contract except upon his regular certificate after audit by the Comptroller."

It will be observed that this statute imposes upon the state architect not only the duty of preparing the drawings and specifications for the alteration of existing state buildings, but also requires him to exact the execution of the work in conformity with the drawings and specifications which he has prepared. Taking all the language of the section together, it seems to me quite plain that it was the intent of the Legislature to confer upon the state architect general control of everything relating to the architectural plan and architectural details of edifices erected at the expense of the state. It seems to me, however, that this intent can be carried out without necessarily disregarding the provisions of the act of 1896, which in terms are made applicable "to the plumbing and drainage of all buildings, both public and private, in the city of New York." The statute provides for the registration of plumbers in the city, for the appointment of inspectors of plumbing to inspect plumbing work therein, and prohibits the practice of plumbing without registration. Although the department of buildings is charged with the enforcement of its provisions, it is plain that the main purpose of the act is to prevent the adoption and use of any plan or scheme of plumbing or drainage in any building within the municipality which shall be so designed or constructed as to be injurious to health. The statute is to be regarded, I think, as primarily a health law, rather than a building law, whereas the public buildings law prescribing the powers of the state architect does not assume to deal, either expressly or by implication, with matters of health at all. I think the two enactments, so far as they apply to the question at issue here, should be construed together as leaving the state architect supreme in all matters relating to the armory repairs, save so far as the plumbing and drainage are concerned, but that as to these matters the plans must be submitted to the local authorities under the act of 1896, for the reason that the Legislature did not intend that the architectural control vested in the state architect should exempt public buildings from regulations adopted to promote the public health. Unless this view is correct, I cannot see why the adjective "public"—the same which is used in the title of the public buildings law, under which the

state architect obtains his powers—should have been used in the act of 1896.

I conclude, then, that the city is right in this case, so far as it asserts the necessity of submitting to the department of buildings the plans for the plumbing and drainage in the Forty-Seventh Regiment Armory, and that the failure to submit such plans gave the city a right of action against persons proceeding with such work until the prescribed drawings and descriptions thereof have received the approval of the superintendent of buildings.

The rules and regulations adopted pursuant to the act of 1896 require such drawings and descriptions to be filed by the owner or the architect. The state, as the owner of the armory, cannot be made a party defendant without its consent, and the state architect does not seem to be a necessary party. It is enough that the party sued is endeavoring to proceed with the work in disregard of the statutory prohibition against so doing until the required papers have been filed with the superintendent of buildings, and received his approval.

The fact established upon the motion made out a proper case for granting the preliminary injunction; and it follows that the order appealed from should be reversed, and the motion granted.

Order reversed, with $10 costs and disbursements, and motion for preliminary injunction granted. All concur, except GOODRICH, P. J., who dissents.